UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| KAREN RIGSBY, Trustee of the MARSH REVOCABLE TRUST OF 2003, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> INTERCARE SPECIALITY RISK INSURANCE SERVICES, INC, et al., <br><br> Defendants. | Case No. 2:17-cv-01347-MCE-EFB <br><br> **ORDER FOR ENTRY OF DEFAULT JUDGMENTS** |

This matter came before the Court on December 3, 2018, at 11:00 a.m. for hearing on Plaintiffs' Application for Default Judgment against defendants ISR Holdings, Inc. and Phoenix Risk Management, Inc., the Hon. Troy L. Nunley, presiding. Defendants, although served with timely notice of Plaintiffs' Application [Docket No. 139, filed Nov. 20, 2018] did not appear and the matter was accordingly submitted on the papers which

included, in addition to Plaintiffs' Application, Exhibits 1 through 15 in support thereof.[1]

Having examined and reviewed the papers so submitted, and proof having been made to the Court's satisfaction, the Court hereby FINDS as follows:

1. Based on Plaintiffs' Request [Docket No. 141] the Court takes judicial notice that Defendant ISR Holdings, Inc. is a California corporation that is presently suspended by the California Secretary of State. (Exh. 3.) Defendant ISR Holdings, Inc. is the same corporation previously named Intercare Specialty Risk Insurance Services, Inc. (Exh. 14).

2. Plaintiffs allege in the First Claim for Relief of their Second Amended Complaint filed herein Nov. 2, 2017 [Docket No. 72] that they entered into an Asset Purchase Agreement, or "APA" (Exh. 1) with Intercare Specialty Risk Insurance Services, Inc., later renamed ISR Holdings, Inc. Plaintiffs allege that Defendant ISR Holdings, Inc. breached this APA by failing to make the payments to Plaintiffs as specified in paragraph 6 of the agreement. The Court entered the default of Defendant ISR Holdings, Inc. with respect to this claim on Nov. 5, 2018 as Docket No. 136.

3. Based on Plaintiffs' Request [Docket No. 141], the Court takes judicial notice that Defendant Phoenix Risk Management Services, Inc. is a California corporation that is presently suspended by the California Secretary of State.

4. Plaintiffs allege in the Second Claim for Relief in their Second Amended Complaint that defendant Phoenix Risk Management Services, Inc. is the alter ego of Defendant ISR Holdings, Inc. The Court entered the default of Defendant Phoenix Risk

---

[1] All references in this Order to "Exhibits" are to said Exhibits 1 through 15.

Management, Inc. with respect to this claim on Nov. 5, 2018 as Docket No. 136.

5. Paragraph 6 of the APA required Defendant ISR Holdings, Inc. to pay Gene Marsh $12,250 per month for a term of ten years. The APA further provided that the monthly payment amount due Mr. Marsh was subject to an adjustment for inflation that would be calculated every 30 months after January 1, 2011. The APA paragraph 6 further provided that the payments to Gene Marsh are fully assignable by Marsh and shall be paid to his successors or assigns for the full ten-year term in the event of his death prior to January 1, 2021. The Second Amended Complaint [¶ 1(b)] alleges that Marsh died in February 2016 and that Plaintiff Karen Rigsby is the sole successor trustee of the Marsh Revocable Trust of 2003, which is the successor in interest to Gene Marsh.

6. Paragraph 6 of the APA required Defendant ISR Holdings, Inc. to pay Donald Steinmeyer $5,500 per month for a term of ten years. The APA further provided that the monthly payment amount due Mr. Steinmeyer was subject to an adjustment for inflation that would be calculated every 30 months after January 1, 2011.

7. Based on Plaintiffs' Request [Docket No. 141], the Court takes judicial notice that the Consumer Price Index as reported by the Wall Street Journal for January 1, 2011 and every 30 months thereafter (Exh. 2) reflects the following adjustments that were required to the monthly payment amounts due Mr. Marsh and Mr. Steinmeyer under the APA:

    a. Jan. 1, 2011 – Jul. 1, 2013: 220.223 to 233.596 = 6.07 % increase [change is greater than 5%, so under APA ¶ 6, 5% increase is used to adjust].

    b. Jul. 1, 2013 – Jan. 1, 2016: 233.596 to 236.016 = 1.42 %

increase.

    c.    Jan. 1, 2016 – Jul. 1, 2018: 236.016 to 252.006 = 6.37% increase [change is greater than 5%, so under APA ¶ 6, 5% increase is used to adjust].

8.    Based on the foregoing adjustments required under ¶ 6 of the APA, the monthly payments due Mr. Marsh and Mr. Steinmeyer increased as follows:

    a.    Payments due Gene Marsh:

i.    As of Jan. 1, 2011: $12,250.00 per month.

ii.    After Adjustment of July 1, 2013: $12,862.50 per month.

iii.    After Adjustment of Jan. 1, 2016: $13,045.15 per month.

iv.    After Adjustment of July 1, 2018: $13,697.41 per month.

    b.    Payments due Donald Steinmeyer:

i.    As of Jan. 1, 2011: $5,500.00 per month.

ii.    After Adjustment of July 1, 2013: $5,775.00 per month.

iii.    After Adjustment of Jan. 1, 2016: $5,857.01 per month.

iv.    After Adjustment of July 1, 2018: $6,149.86 per month.

9.    Based on evidence submitted (Exhs. 9, 10), the Court finds that during the period of time from July 1, 2013, i.e., four years prior to the commencement of this action, until December 3, 2018, the following payments, and no more, were made to Gene Marsh and his successor Karen Rigsby pursuant to the APA:

Payment Date: July 1, 2013    Amount: $12,250.00

Payment Date: Aug. 3, 2013    Amount: $12,250.00

Payment Date: Sept. 3, 2013    Amount: $6,125.00

| | | |
|---|---|---|
| 1 | Payment Date: Oct. 3, 2013 | Amount: $6,125.00 |
| 2 | Payment Date: Nov. 3, 2013 | Amount: $12,250.00 |
| 3 | Payment Date: Dec. 3, 2013 | Amount: $12,250.00 |
| 4 | Payment Date: Jan. 2, 2014 | Amount: $16,334.00 |
| 5 | Payment Date: Feb. 3, 2014 | Amount: $16,333.33 |
| 6 | Payment Date: Mar. 3, 2014 | Amount: $16,333.33 |
| 7 | Payment Date: Apr. 3, 2014 | Amount: $12,250.00 |
| 8 | Payment Date: May 3, 2014 | Amount: $12,250.00 |
| 9 | Payment Date: June 3, 2014 | Amount: $12,250.00 |
| 10 | Payment Date: Jul. 3, 2014 | Amount: $12,250.00 |
| 11 | Payment Date: Aug. 3, 2014 | Amount: $12,250.00 |
| 12 | Payment Date: Sept. 3, 2014 | Amount: $12,250.00 |
| 13 | Payment Date: Feb. 6, 2015 | Amount: $12,250.00 |
| 14 | Payment Date: Mar. 17, 2015 | Amount: $9,250.00 |
| 15 | Payment Date: May 8, 2015 | Amount: $9,250.00 |
| 16 | Payment Date: Jul. 2, 2015 | Amount: $9,250.00 |
| 17 | Payment Date: Aug. 3, 2015 | Amount: $10,000.00 |
| 18 | Payment Date: Sept. 3, 2015 | Amount: $10,000.00 |
| 19 | Payment Date: Oct. 3, 2015 | Amount: $10,000.00 |
| 20 | Payment Date: Nov. 3, 2015 | Amount: $10,000.00 |
| 21 | Payment Date: Dec. 3, 2015 | Amount: $10,000.00 |
| 22 | Payment Date: Jan. 3, 2016 | Amount: $10,000.00 |
| | Payment Date: Feb. 3, 2016 | Amount: $10,000.00 |

Payment Date: Mar. 1, 2016    Amount: $7,500.00

Payment Date: Apr. 8, 2016    Amount: $7,500.00

Payment Date: May 4, 2016    Amount: $7,500.00

Payment Date: June 3, 2016    Amount: $7,500.00

Payment Date: Aug. 12, 2016    Amount: $7,500.00

Payment Date: Sept. 8, 2016    Amount: $7,500.00

10. Based on evidence submitted (Exhs. 7, 8), the Court finds that during the period of time from July 1, 2013, i.e., four years prior to the commencement of this action, until December 3, 2018, the following payments, and no more, were made to Donald Steinmeyer pursuant to the APA:

Payment Date: July 1, 2013    Amount: $2,750.00

Payment Date: Aug. 3, 2013    Amount: $2,750.00

Payment Date: Sept. 3, 2013    Amount: $2,750.00

Payment Date: Oct. 3, 2013    Amount: $2,750.00

Payment Date: Nov. 3, 2013    Amount: $5,500.00

Payment Date: Dec. 3, 2013    Amount: $5,500.00

Payment Date: Jan. 2, 2014    Amount: $5,500.00

Payment Date: Feb. 3, 2014    Amount: $5,500.00

Payment Date: Mar. 3, 2014    Amount: $5,500.00

Payment Date: Apr. 3, 2014    Amount: $5,500.00

Payment Date: May 3, 2014    Amount: $5,500.00

Payment Date: June 3, 2014    Amount: $5,500.00

Payment Date: Jul. 3, 2014    Amount: $5,500.00

| | | |
|---|---|---|
| Payment Date: Aug. 3, 2014 | Amount: $5,500.00 |
| Payment Date: Sept. 3, 2014 | Amount: $5,500.00 |
| Payment Date: Feb. 6, 2015 | Amount: $5,500.00 |
| Payment Date: Mar. 17, 2015 | Amount: $5,500.00 |
| Payment Date: May 8, 2015 | Amount: $5,500.00 |
| Payment Date: Jul. 2, 2015 | Amount: $5,500.00 |
| Payment Date: Aug. 3, 2015 | Amount: $5,000.00 |
| Payment Date: Sept. 3, 2015 | Amount: $5,000.00 |
| Payment Date: Oct. 3, 2015 | Amount: $5,000.00 |
| Payment Date: Nov. 3, 2015 | Amount: $5,000.00 |
| Payment Date: Dec. 3, 2015 | Amount: $5,000.00 |
| Payment Date: Jan. 3, 2016 | Amount: $5,000.00 |
| Payment Date: Feb. 3, 2016 | Amount: $5,000.00 |
| Payment Date: Mar. 4, 2016 | Amount: $7,500.00 |
| Payment Date: Apr. 6, 2016 | Amount: $7,500.00 |
| Payment Date: May 6, 2016 | Amount: $7,500.00 |
| Payment Date: June 6, 2016 | Amount: $7,500.00 |
| Payment Date: Aug. 12, 2016 | Amount: $7,500.00 |
| Payment Date: Sept. 8, 2016 | Amount: $7,500.00 |

11. Plaintiff Karen Rigsby has proved that the principal amount unpaid, due and owing to her under the APA as of December 3, 2018 is $520,668.10 (Exh. 15). Under Cal. Civil Code § 3289(b), Plaintiff Karen Rigsby is also due prejudgment interest on the unpaid sums in the total amount of $69,496.15 through Dec. 3, 2018 (Exh. 15).

12. Plaintiff Donald Steinmeyer has proved that the principal amount unpaid, due and owing to him under the APA as of December 3, 2018 is $212,359.46 (Exh. 15). Under Cal. Civil Code § 3289(b), Plaintiff Donald Steinmeyer is also due prejudgment interest on the unpaid sums in the total amount of $28,632.69 through Dec. 3, 2018 (Exh. 15).

13. The APA provided [¶ 23] that in the event of an action between the parties to enforce any of its provisions, "the unsuccessful party shall pay to the successful party all costs and expenses, including reasonable attorneys' fees, incurred therein by such successful party." Under this provision, it is proper for the Court to add the amount of reasonable attorneys' fees and expenses incurred by each plaintiff to such plaintiff's judgment against Defendants ISR Holdings, Inc. and Phoenix Risk Management, Inc.

14. Plaintiffs established through the Declaration of Robert R. Riggs, filed herein Dec. 3, 2018 that they incurred reasonable attorneys' fees and other expenses herein (Exhs. 12, 13). Plaintiff Karen Rigsby incurred reasonable attorneys' fees of $88,556.88 and expenses of $3,198.43 for a total of $91,755.30 in total costs and expenses. Plaintiff Donald Steinmeyer incurred reasonable attorneys' fees of $72,455.63 and expenses of $2,616.89 for a total of $75,072.52 in total costs and expenses. These total costs and expenses will be added to the judgments entered in favor of each Plaintiff and against Defendants ISR Holdings, Inc. and Phoenix Risk Management, Inc.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. Plaintiff Karen Rigsby shall have joint and several judgment against defendant ISR Holdings, Inc. and defendant Phoenix Risk Management, Inc. in the sum

of $681,919.55.

2. Plaintiff Donald Steinmeyer shall have joint and several judgment against defendant ISR Holdings, Inc. and defendant Phoenix Risk Management, Inc. in the sum of $316,064.67.

IT IS SO ORDERED.

Dated: January 22, 2019

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE