ROBERT R. RIGGS (SBN 107684)
Katzoff & Riggs LLP
1500 Park Avenue, Suite 300
Emeryville, CA 94608
Tel. (510) 597-1990
email: rriggs@katzoffriggs.com

Attorneys for Plaintiffs KAREN RIGSBY,
Trustee, and DONALD P. STEINMEYER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| KAREN RIGSBY, Trustee of the MARSH REVOCABLE TRUST OF 2003, and DONALD P. STEINMEYER, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>KEVIN HAMM, et al.,<br><br>Defendants.<br>_____ | Case No. 2:17-cv-01347-MCE-EFB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION TO SET ASIDE DISMISSAL AND FOR ENTRY OF JUDGMENT FOR MONEY AGAINST DEFENDANT KEVIN HAMM BASED ON STIPULATION OF THE PARTIES** |

## INTRODUCTION

By way of this ex parte application ("Application") Plaintiffs KAREN RIGSBY, Trustee of the Marsh Revocable Trust of 2003 and Donald P. Steinmeyer (collectively, "Plaintiffs") seek (1) an order setting aside the dismissal, without prejudice, of this action entered by the Court on June 18, 2019 ("Order of Dismissal"); and (2) entry of judgments in favor of each Plaintiff against Defendant Kevin Hamm ("Hamm") based on the parties'

Stipulation for Entry of Judgment for Money, dated June 4, 2019 ("Stipulation for Judgment"), following Defendant Hamm's default under the Unconditional Continuing Guaranty, dated June 4, 2019 ("Guaranty"), that is on file with the Court. The Court should now enter judgments in favor of each Plaintiff against Hamm based on its reservation of jurisdiction in its Order of Dismissal to enforce the Guaranty by entering judgments against Hamm in favor of Plaintiffs.

## STATEMENT OF FACTS

Plaintiffs filed this diversity action on June 30, 2017, based on Defendants' breach of an asset purchase agreement, dated December 31, 2010. Declaration of Robert R. Riggs in Support of the Application ("Riggs Decl."), ¶ 4.

This action was dismissed pursuant to Plaintiffs' settlement with Hamm, who was the sole remaining defendant after judgments were previously entered on January 23, 2019 against Defendants ISR Holidngs, Inc. ("ISR") and Phoenix Risk Management, Inc. ("Phoenix"). In connection with the settlement, Hamm executed the Guaranty of a promissory note ("Promissory Note") signed by ISR, both dated for reference purposes June 4, 2019. Defendant Hamm's obligations pursuant to the Guaranty of the Promissory Note were expressly acknowledged by Defendant Hamm when these instruments were filed with the Court as exhibits to Defendant Hamm's signed Stipulation and Order for Retention of Jurisdiction After Dismissal. This Stipulation (hereafter, the "Stipulation and Order") was filed herein on June 4, 2019 as Docket No. 162. Declaration of Robert R. Riggs in Support of Ex Parte Application, Etc. ("Riggs Decl."), ¶¶ 5-8. In conjunction with the Guaranty, Defendant Hamm also entered into a Stipulation for Judgment, under

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION TO
SET ASIDE DISMISSAL AND FOR ENTRY OF JUDGMENT AGAINST DEFENDANT

which Defendant Hamm agreed that Plaintiffs could obtain entry of judgment against Defendant Hamm by way of ex parte application in the event of default under the Guaranty. This Stipulation for Entry of Judgment for Money (hereafter, "Stipulation for Judgment"), executed June 4, 2019, is filed herewith.

On June 18, 2019, pursuant to the stipulation of Defendant Hamm and Plaintiffs, the Court entered an Order of Dismissal, without prejudice, in which the Court retained jurisdiction to enforce the Guaranty and enter judgment against Hamm in the event of default under the Guaranty. The Order of Dismissal further authorized Plaintiffs to obtain judgments against Hamm by way of an ex parte application. Riggs Decl., ¶ 11.

An uncured event of default has occurred under the Guaranty, following ISR's failure to make outstanding payments owed under the Promissory Note. After making a single installment payment in July, ISR failed to make the second installment payment of $15,000 that was due on or before August 15, 2019. Riggs Decl., ¶ 12. On August 26, 2019, Plaintiffs sent a notice of default to Hamm and his counsel after ISR's failure to make the payment. In this notice of default, Plaintiffs demanded that Hamm pay all outstanding amounts due under the Promissory Note. Riggs Decl., Exh. A. Neither ISR nor Hamm have made any further payments to Plaintiffs in response to the notice of default. ISR has now also defaulted on the additional installment payments to Plaintiffs totaling $215,000 that under the Promissory Note were due on or before September 15, 2019. Riggs Decl., ¶¶ 12, 16.

On September 10, 2019, counsel for Plaintiffs contacted Hamm's counsel to advise that Plaintiffs planned to file an ex parte application on September 27, 2019 if the overdue

---
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION TO SET ASIDE DISMISSAL AND FOR ENTRY OF JUDGMENT AGAINST DEFENDANT**

payment referred to in the Notice of Default was not received. Riggs Decl., Exh. B. On September 13, 2019, Defendant Hamm's informal legal adviser informed counsel for Plaintiffs by phone that ISR and Defendant Hamm are currently not in a financial position to make the payments owed under the Promissory Note and Guaranty. Riggs Decl., ¶ 15.

Plaintiffs now bring this Application to set aside the dismissal of the action and to enter judgments against Hamm.

## ARGUMENT

**A. The Event of Default Under the Guaranty Is Grounds to Set Aside the Prior Dismissal.**

Breach of a settlement agreement that results in dismissal of an action is grounds to set aside the dismissal under Fed. Rule of Civ. Proc. 60(b)(6). *Keeling v. Sheet Metal Workers Intl. Assn., Local Union 162*, 937 F. 2d 408,410 (9th Cir. 1991).

Here, Hamm has materially breached the settlement agreement by failing to meet his obligations under the Guaranty. Further, the parties have stipulated that the Court retains jurisdiction to enforce the Guaranty by entering judgment against Hamm in the event of default. Thus, the Court should set aside the dismissal in order to exercise its reservation of jurisdiction to enforce the Guaranty by entering judgment against Hamm. Plaintiffs have agreed that any recovery by them herein will be divided, 55% for Plaintiff Rigsby, 45% for Plaintiff Steinmeyer. (Riggs Decl., ¶ 19.) The Court should enter judgments in accordance with these percentages.

**B. The Court Has Authority to Order Entry of Judgment Against Hamm Based on Plaintiffs' Ex Parte Application**

In a diversity action, the Federal Court has jurisdiction to enforce a settlement

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION TO SET ASIDE DISMISSAL AND FOR ENTRY OF JUDGMENT AGAINST DEFENDANT**

agreement where the Court specifically retains jurisdiction to do so in the order of dismissal. *Kokkonen v. Guardian Life Insurance Co. of America,* 511 U.S. 375, 381 (1994). The Court has the power to enforce a settlement through summary proceedings. *Adams v. Johns-Manville Corp.,* 876 F. 2d 702, 707-708 (9th Cir. 1989); *Dacanay v. Mendoza*, 573 F. 2d 1075, 1078 (9th Cir. 1978). The Court may order entry of default judgment on the ex parte application of a party where the parties have stipulated to such a procedure. *York Int'l Corp. v. RVD Hearing & Air Conditioning,* 2009 U.S. Dist. LEXIS 2058, 2009 WL 33423, (E.D. Cal. Jan. 5, 2009).

Here, the Court specifically retained jurisdiction in the Order of Dismissal to enforce the Guaranty, including entry of judgment against Hamm based on an ex parte application by Plaintiffs. This summary procedure was ordered based upon stipulation of the parties. Defendant Hamm's failure to make the required payments under the Guaranty is purportedly a result of his present financial condition and not due to any objection to the enforceability of the terms of the Guaranty. Accordingly, the Court should enter judgments against Defendant Hamm totaling the principal sum of $1,459,318.70, plus late charges in the amount of $11,500, and minus $15,000 for the total sum of payments actually made to Plaintiffs, for a total of $1,470,818.70. Riggs Decl., ¶ 17.

Further, because this is a diversity action, Plaintiffs are entitled to prejudgment interest according to state law. *Oak Harbor Freight Lines, Inc. v. Sears Roebuck, & Co.* 513 F. 3d 949, 961 (9th Cir. 2008). California law entitles Plaintiffs to recover prejudgment interest at the rate set by the contract from date of breach until entry of judgment. Cal. Civil Code §§ 3287(a), 3289. Under the Promissory Note guaranteed by

KATZOFF & RIGGS LLP
1500 PARK AVE., SUITE 300
EMERYVILLE, CA 94608
(510) 597-1990

Defendant Hamm, interest begins to accrue on all overdue amounts at the rate of 18% per annum upon an event of default. Promissory Note, Sec. 6.3. Thus, Plaintiffs request the Court enter judgment against Hamm in the sum of $1,470,818.70, plus prejudgment interest in the sum of $1,494.12 through September 27, 2019, to which $119.11 in interest shall be added for each day after September 27, 2019 until the date judgment is entered. Riggs Decl., ¶ 17.

Plaintiffs have an agreement between them pursuant to which all recovery from any defendant herein is to be divided among them 55% for Plaintiff Rigsby and 45% for Plaintiff Steinmeyer. (Riggs Decl., ¶¶ 18-19.) Consequently, Plaintiffs request the Court to divide their total amount due in accordance with these percentages when entering their respective Judgments. 55% of $1,472,312.82 is $809,772.06; 45% of that figure is $662,540.76. 55% of $119.11 is $65.51; 45% of that figure is $53.60. The Court should accordingly enter judgment against Defendant Hamm and in favor of Plaintiff Rigsby in the sum of $809,772.06, which is 55% of the total sum of $1,472,312.82, plus $65.51 for each day after September 27, 2019 until the date judgment is entered. The Court should enter judgment against Defendant Hamm and in favor of Plaintiff Steinmeyer in the sum of $661,868.41, which is 45% of the total sum of $1,472,312.82, plus $53.60 for each day after September 27, 2019 until the date judgment is entered.

## CONCLUSION

Based on the foregoing, the Court should set aside the June 18, 2019 dismissal, and should now enter judgments against Defendant Hamm and in favor of Plaintiffs as requested herein.

_____

6
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION TO SET ASIDE DISMISSAL AND FOR ENTRY OF JUDGMENT AGAINST DEFENDANT**

Dated: September 30, 2019.

                                                  KATZOFF & RIGGS LLP

                                                  /s/ Robert R. Riggs
                                                  _____
                                                  Robert R. Riggs

                                                  Attorneys for Plaintiffs Karen Rigsby, Trustee and Donald P. Steinmeyer